SAUNDERS, Judge.
pOn February 16, 2007, plaintiff-appellant, Peggy Kuehn, filed a motion and order to dismiss the instant appeal and leave to file an application for supervisory writ. The defendant-appellee, F.D.H. Development, Inc., subsequently filed an opposition to the motion filed by the plaintiff and incorporated its own motion to dismiss the plaintiffs appeal based on timeliness. After considering the parties’ motions, we grant the motions to dismiss the appeal and grant the plaintiff leave to file an application for supervisory relief.
The plaintiff filed suit against the defendant-appellee, F.D.H. Development, Inc., seeking injunctive relief and damages associated with the defendant’s construction of town homes in the subdivision where plaintiff resided. Specifically, plaintiff sought a mandatory injunction ordering the destruction of the town homes then under construction by the defendant. After the trial court denied plaintiffs request for a preliminary injunction, plaintiff appealed the ruling. The appeal was assigned docket number 05-1145. On January 4, 2006, this court dismissed appeal 05-1145 and remanded the matter to the trial court for a determination as to whether the preliminary injunction was moot and whether the purchasers of the town homes were indispensable parties.
*174 The trial court conducted a contradictory hearing on these matters on May 22, 2006. At the hearing, the parties stipulated that the preliminary injunction was rendered moot by the sale of the property. The parties also stipulated that the plaintiff was no longer a resident of the subdivision. Thereafter, the trial court found that the purchasers of the subject property were 12not indispensable parties for plaintiffs claim for damages or injunctive relief. In addition, the trial court concluded that plaintiff was not entitled to the mandatory injunctive relief requested, holding that the amendments to the building restrictions which ratified the subject construction were validly adopted. However, the trial court reserved the plaintiffs claim for damages.
A judgment memorializing the trial court’s oral ruling was signed on July 21, 2006. Notice of the judgment was mailed on July 31, 2006. The Plaintiff filed a motion and order for devolutive appeal on August 8, 2006. The record in this appeal was lodged in this court on January 18, 2007. Thereafter, plaintiff filed a motion to dismiss her own appeal, averring that the appeal was taken from an interlocutory judgment.
Although it is unclear from the record on what pleading the trial court was ruling, it is clear that the trial court disposed of plaintiffs claim for injunctive relief and reserved her claim for damages for further proceedings. At first blush, it appears that the judgment which forms the basis of the instant appeal is a partial judgment within the meaning of La.Code Civ.P. art. 1915(B), as it disposed of one but less than all of plaintiffs claims. As such, the judgment would require a designation as a final judgment by the trial court after an express determination that there was no just reason for delaying an immediate appeal prior to being appealable. Because the judgment in the instant appeal has not been so designated, the appeal initially appears to be premature.
However, La.Code Civ.P. art. 3612 provides the following in relevant parts:
B. An appeal may be taken as a matter of right from an order or judgment relating to a preliminary or final injunction, but such an order |3or judgment shall not be suspended during the pen-dency of an appeal unless the court in its discretion so orders.
C. An appeal from an order or judgment relating to a preliminary injunction must be taken, and any bond required must be furnished, within fifteen days from the date of the order or judgment. The court in its discretion may stay further proceedings until the appeal has been decided.
D. Except as provided in this Article, the procedure for an appeal from an order or judgment relating to a preliminary or final injunction shall be as provided in Book III.
Louisiana Code of Civil Procedure Article 1915 appears in Book III. Accordingly, the statute applies to appeals of judgments relating to injunctive relief, but it only applies to the extent that La. Code Civ.P. art. 3612 has not provided a procedure for an appeal. Louisiana Code of Civil Procedure Article 3612 expressly states that an appeal may be taken as a matter of right from an order or judgment relating to a preliminary or final injunction. Thus, the right to an immediate appeal of a judgment relating to a preliminary or final injunction is clearly established in La.Code Civ.P. art. 3612. Therefore, we hold that litigants seeking an appeal of such judgments are not required to undertake the additional procedures for an appeal of a partial judgment provided in La.Code Civ.P. art. 1915(B), even when the judg *175 ment relating to a preliminary or final injunction is a partial judgment.
Notwithstanding the foregoing analysis, the plaintiff states that she is not appealing the trial court’s ruling denying the mandatory injunction. In her reply brief filed in response to the defendant’s opposition and motion to dismiss, the plaintiff points out that at the hearing on this matter, she stipulated that the injunctive relief is now moot. Instead, the plaintiff states that her reason for seeking review stems from the wording of the particular judgment signed by the trial court. The plaintiff asserts that both she and the defendant |4submitted proposed judgments for the trial court to sign, and the trial court chose not to sign the judgment proposed by the plaintiff.
Given that the plaintiff states that she is not appealing the trial court’s ruling as it relates to the denial of the injunctive relief, we agree with the plaintiff that the aspects of the judgment challenged by the plaintiff are not appealable, and we dismiss this appeal at plaintiffs cost. Since we find that the appeal should be dismissed on this ground, we pretermit any discussion as to the timeliness of the appeal raised by the defendant in their motion to dismiss the appeal.
The defendant also contends that this court should not afford the plaintiff time within which to seek supervisory relief from the trial court’s ruling as the time delays for seeking such relief have now run. However, we find that since the plaintiff filed a motion for an appeal within the time delays for seeking supervisory writs, justice demands that we afford the plaintiff time within which to file a supervisory writ application with this court. As stated above, this writ application cannot address the merits of the trial court’s denial of the injunctive relief. Otherwise, the plaintiff can challenge the wording of the trial court’s ruling in her writ application. Accordingly, the plaintiff is hereby permitted to file a proper application for writs in compliance with Uniform Rules — Courts of Appeal, Rule 4, no later than April 20, 2007. The plaintiff is not required to file a notice of intent to seek writs nor obtain an order setting a return date pursuant to Uniform Rules — Courts of Appeal, Rule 4-3 as we hereby construe the motion for appeal as a timely filed notice of intent to seek a supervisory writ.
| .APPEAL DISMISSED. APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS.
SAUNDERS, Judge.
|2The plaintiff-appellant, Peggy Kuehn, filed a motion for rehearing in response to this court’s opinion rendered on March 21, 2007. This court’s opinion ordered the dismissal of the appeal on the plaintiffs own motion; however, the court permitted the plaintiff to file a writ application seeking review of the matters which were the subject of the appeal. In addition, the defendant-appellee, F.D.H. Development, Inc., has filed a Motion to Dismiss Writ Application as Moot and has requested within this motion that this court dismiss the plaintiffs motion for rehearing. For the reasons which follow, we now grant the motion for rehearing and order the dismissal of the appeal without permitting the filing of a writ application.
In the motion for rehearing, the plaintiff points out that this court incorrectly interpreted a stipulation into which the parties had entered at a hearing held in the trial court. This court stated that the plaintiff had acquiesced in the dismissal of her claim seeking a mandatory injunction, that is the removal of the allegedly offending building. Upon closer review of the record, we find that the plaintiff did reserve *176 her right to seek a mandatory injunction to command the removal of the condominium complex.
The plaintiffs motion for rehearing, though, only asked that this court amend its opinion to state that the plaintiff acquiesced in the dismissal of the injunctive relief to stop the construction which was sought in the original petition. However, we find that since the plaintiff is also seeking review of the trial court’s ruling denying the mandatory injunction, we must review this court’s finding in its opinion of March 21, 2007, that this matter is only properly reviewable pursuant to this court’s supervisory jurisdiction.
|sWe find that the dismissal of the mandatory injunctive relief is a partial final judgment. The plaintiffs claim for money damages was specifically reserved by the trial court in its ruling denying the mandatory injunction. The other part of the trial court’s ruling subject to review is the trial court’s ruling denying the exception of failure to join parties necessary for a full adjudication of this matter.
Since a portion of the plaintiffs claims remain to be resolved, the judgment denying the request for mandatory injunctive relief is a partial final judgment. Louisiana Code of Civil Procedure Article 1915(B) permits an appeal of a partial final judgment after a finding by the court that no just reason exists to delay an immediate appeal of the partial judgment. The judgment at issue in this matter was not designated by the trial court as appealable. Therefore, an appeal of this judgment is premature at this time.
Ordinarily, this court remands cases from improperly appealed partial judgments for the trial court to make an express determination as to whether an immediate appeal should be permitted. However, in the instant case, we find that a remand for this purpose would be a waste of judicial time. The only matter remaining to be determined in this action is whether the plaintiff is entitled to money damages for the building of this condominium complex in violation of the building restrictions, and if so, how much. We find that it would be a waste of judicial time and effort to permit an appeal of the trial court’s ruling denying the mandatory injunction. Instead, we find that an appeal of this ruling should await a final determination as to the amount of money damages to which the plaintiff is entitled, if any. In this way, the entirety of this matter can be reviewed at one time.
^Moreover, while we recognize that the trial court’s ruling denying the exception of failure to join the proper parties would also ordinarily be subject to supervisory review, we find that in this instance, review of this ruling at this time would also be inappropriate, and we specifically decline to exercise our supervisory jurisdiction over this ruling at this time. As pointed out by the trial court in reaching its decision to deny this exception, the granting of this exception may turn on the issue of whether the trial court has properly dismissed the mandatory injunctive relief. Since this court has held that review of this latter ruling is counterproductive at this time, we find that review of the denial of this exception at this time would, likewise, be counterproductive.
The defendant has filed a motion in this court seeking the dismissal of the plaintiffs motion for rehearing and dismissal of the unified writ application permitted by this court’s earlier ruling in this matter. For the reasons given above, we deny the defendant’s request that this court dismiss the motion for rehearing. However, as stated above, the filing of the writ application is no longer appropriate. Therefore, *177 we grant this portion of the relief requested by the defendant’s motion.
Accordingly, we hereby grant the plaintiffs motion for rehearing. We set aside this court’s prior decision and reinstate the plaintiffs appeal for the purpose of dismissing the appeal as premature at plaintiffs cost.
MOTION TO DISMISS WRIT APPLICATION AS MOOT GRANTED IN PART AND DENIED IN PART. MOTION FOR REHEARING GRANTED. APPEAL DISMISSED.